**KOLLER LAW LLC**
David M. Koller, Esq. (90119)
Jordan D. Santo, Esq. (320573)       *Counsel for Plaintiff*
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
T: (215) 545-8917
F: (215) 575-0826
davidk@kollerlawfirm.com
jordans@kollerlawfirm.com

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **ALBERT INGRAM,** | : | Civil Action No. 2:26-cv-1512 |
| 748 Tulpehocken Avenue | : | |
| Philadelphia, PA 19138 | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | **Complaint and Jury Demand** |
| | : | |
| **EL POQUITO,** | : | |
| 8201 Germantown Avenue | : | |
| Philadelphia, PA 19118 | : | |
| | : | |
| and | : | |
| | : | |
| **IMIAN PARTNERS, LLC,** | : | |
| 65 Locust Avenue, Suite 105 | : | |
| New Canaan, CT 06840 | : | |
|     Defendant. | : | |

**CIVIL ACTION**

Plaintiff, Albert Ingram (hereinafter "Plaintiff"), by and through his attorney, Koller Law, LLC, bring this civil matter against Imian Partners, LLC and El Poquito (hereinafter "Defendants"), for violations of Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), the Americans with Disabilities Act of 1990, as amended ("ADA"), the Pennsylvania Human Relations Act ("PHRA") and the Philadelphia Fair Practices Ordinance ("PFPO"). In support thereof, Plaintiff avers as follows:

## THE PARTIES

1. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

2. Plaintiff is an adult individual residing at the above-captioned address within the county of Philadelphia, PA.

3. Upon information and belief, Defendant El Poquito (hereinafter "El Poquito") is a restaurant doing business and with a headquarters at 8201 Germantown Avenue, Philadelphia, PA 19118.

4. Upon information and belief, Defendant Imian Partners, LLC (hereinafter "Imian Partners") is a real estate and hospitality company with a corporate headquarters at 65 Locust Avenue, Suite 105, New Canaan, CT 06840.

5. Upon information and belief, at all times relevant hereto, El Poquito was a wholly-owned subsidiary of Imian Partners

6. At all times relevant hereto, Defendants employed managers, supervisors, agents, and employees who Plaintiff alleges had the authority to make decisions concerning Plaintiff's employment.  In making said decisions, these individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

7. At all times relevant hereto, Defendants employed managers, supervisors, agents, and employees who acted directly or indirectly in the interest of the employer.  In so acting, these individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

## JURISDICTION AND VENUE

8. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

9. The Court may properly maintain personal jurisdiction over Defendants because the Defendants' contacts with this state and this judicial district, including the performance of business at El Poquito, are sufficient for the exercise of jurisdiction and comply with traditional notions of fair play and substantial justice, thus satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

10. The Court may exercise original subject-matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of federal law.

11. The Court may also maintain supplemental jurisdiction over state law and local ordinance claims set forth herein pursuant to 28 U.S.C. § 1367(a) and Rule 18(a) of the Federal Rules of Civil Procedure because they are sufficiently related to one or more claims within the Court's original jurisdiction that they form part of the same case or controversy.

12. Venue is properly laid in the Eastern District of Pennsylvania pursuant to 28 U.S.C. §§ 1391(b)(1) and 1391(b)(2) because Plaintiff is domiciled in this judicial district, El Poquioto is located in this judicial district and because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

13. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

14. Plaintiff exhausted his administrative remedies under Title VII, the ADA, the PHRA and the PFPO.

15. On or about May 3, 2023, Plaintiff timely filed a Charge of Discrimination ("Charge") with the U.S. Equal Employment Opportunity Commission ("EEOC"), which he digitally signed the same day, alleging race, gender and disability discrimination as well as retaliation against Defendants.

16. The Charge was assigned a Charge Number 530-2023-07245 and was dual filed with the Pennsylvania Human Relations Commission ("PHRC").

17. The EEOC issued Plaintiff a Dismissal and Notice of Rights ("Right to Sue") via request relative to the Charge and that Notice is dated December 8, 2025.

18. Prior to the filing of this action, Plaintiff notified the EEOC of his intent to proceed with a lawsuit in federal court.

19. Plaintiff files the instant Complaint the first day the ninetieth (90th) day after issuance of the Right to Sue which was not a weekend or federally-recognized holiday[1] as it relates to his federal law claims and within two (2) years of the issuance of the Right to Sue in this matter as it relates to his PHRA and PFPO claims.

20. Plaintiff has exhausted his administrative remedies as to the allegations of this Complaint.

## MATERIAL FACTS

### PLAINTIFF'S EMPLOYMENT HISTORY

21. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

22. Plaintiff is an African American man.

---

[1] Under Federal Rule for Civil Procedure 6(a)(1)(C), the Right to Sue period for filing is extended beyond ninety (90) days to the next day that is not a weekend or legal holiday; in this case, March 9, 2026 (as March 8, 2026, was a Sunday). See, e.g., Nolan v. TalentBurst, Inc., 2024 U.S. Dist. LEXIS 59317 at **8-9 (E.D. Pa. Mar. 29, 2024) (Hodge, J.) (citing Lewis v. Postmaster Gen. of the U.S., No. 21-2958, 2022 U.S. App. LEXIS 877 *1, *1 n.3 (3d Cir. Jan. 12, 2022) (finding that when the ninety-day timeline ended on a Sunday, the plaintiff in the case had until the Monday following to file the complaint)).

23. Plaintiff has had heart complications and a pacemaker put in since 2001.

24. The aforementioned serious health conditions are considered to be disabilities under the Americans with Disabilities Act of 1990, as amended ("ADA"), the Pennsylvania Human Relations Act ("PHRA") and the Philadelphia Fair Practices Ordinance ("PFPO").

25. The major life activities affected by Plaintiff's heart complications include, but are not limited to, performing manual tasks, working and circulatory function.

26. In or around June 2022, Defendants hired Plaintiff in the position of Bartender with duties to be performed at El Poquito.

27. Plaintiff was well qualified for his position and performed well.

28. Importantly, Plaintiff had been working in the hospitality business for over twenty-five (25) years at the time of his hire.

## PLAINTIFF WAS PLACED ON A LEAVE OF ABSENCE TO HAVE HIS PACEMAKER REPLACED

29. In or around August 2022, Plaintiff began to suffer from heart complications.

30. Defendants approved Plaintiff for a medical leave of absence.

31. The medical leave lasted for approximately three (3) weeks.

32. During this time, Plaintiff had his pacemaker replaced through a surgical procedure.

## PLAINTIFF RETURNED TO WORK WITH A REASONABLE ACCOMMODATION

33. In or around September 2022, Dr. Lee Greenspon, Pulmonologist, cleared Plaintiff to return to work with the reasonable accommodation of no overhead lifting.

34. Defendants approved Plaintiff's reasonable accommodation request.

35. Plaintiff then returned to work at Defendants.

36. Defendants assigned Plaintiff a management role, in addition to his job duties as Bartender.

37. These management duties included, but were not limited to, inventory duties and closing shift.

## **PLAINTIFF WAS PLACED ON A SECOND MEDICAL LEAVE OF ABSENCE TO RECOVER FROM A SURGERY TO REMOVE A TUMOR**

38. In or around October 2022, Plaintiff underwent another surgery in order to remove a tumor.

39. Plaintiff was placed on a medical leave of absence for approximately three (3) weeks as a result.

## **PLAINTIFF RETURNED TO WORK AT DEFENDANT WITH A REASONABLE ACCOMMODATION**

40. Plaintiff was cleared to return to work with the medical restrictions of no overhead lifting.

41. In addition, Plaintiff requested to work four (4) days per week, instead of five (5) days per week.

42. Defendants approved Plaintiff's reasonable accommodations request.

43. In or around November 2022, Plaintiff returned to work at El Poquito.

## **DEFENDANTs ASSIGNED THREE (3) OF PLAINTIFF'S SHIFT TO A NEWLY HIRED NON-DISABLED FEMALE EMPLOYEE**

44. However, upon Plaintiff's return to work, Defendants hired Pelagia Nunez (female, non-disabled) in the positions of Manager and Bartender.

45. Brendy McVoy, General Manager, removed three (3) of Plaintiff's shifts and assigned them to Nunez.

46. Importantly, Plaintiff's non-disabled counterparts did not have their shifts affected by Nunez's hire.

## PLAINTIFF COMPLAINED ABOUT HIS REDUCED SCHEDULE, BUT IT WAS NOT ADDRESSED

47. Plaintiff questioned McVoy about his reduced schedule in person.

48. McVoy disregarded Plaintiff's complaints.

## DEFENDANT GAVE PLAINTIFF'S SHIFTS TO ANOTHER NEWLY HIRED FEMALE COWORKER AFTER NUNEZ WAS TERMINATED

49. Shortly thereafter, in or around February 2023, Defendants terminated Nunez.

50. Plaintiff asked McVoy for his shifts back.

51. McVoy continuously advised that Plaintiff would get his shifts back or words to that effect.

52. However, instead of giving his shifts back, Defendants hired a new female Manager, and assigned her the above-referenced shifts.

## DEFENDANTS TERMINATED PLAINTIFF

53. Two (2) weeks later, Plaintiff checked the weekly schedule and saw that he had been taken off the schedule.

54. On or about March 12, 2023, McVoy emailed Plaintiff that he had been taken off the schedule because he had been seen "giving a drink away", or words to that effect.

55. Importantly, Plaintiff had never received any coaching on this policy and had not been issued any write ups or disciplines for this.

56. Plaintiff responded to McVoy's email asking for clarification.

57. However, McVoy never responded.

58. Thereafter, Plaintiff learned that Defendants had removed him from its communication and scheduling system.

59. Defendants effectively terminated Plaintiff without notice.

## PLAINTIFF WITNESSED A PATTERN OF RACE AND SEX DISCRIMINATION AT DEFENDANT

60. Throughout his employment with Defendants and while working for Defendants, Plaintiff also noticed a pattern of race and sex discrimination.

61. Specifically, between his two (2) surgeries, Defendants replaced all of its African American kitchen staff at El Poquito with Hispanic employees.

62. In addition, Plaintiff was the only full-time male Bartender and Front of House staff in general at El Poquito.

63. Defendants discriminated against Plaintiff due to his race, sex and/or disability and retaliated against him for requesting reasonable accommodations in violation of Title VII, the ADA, the PHRA and the PFPO.

64. Defendants' acts and/or omissions were willful or performed with reckless disregard to Plaintiff's federal statutorily protected rights.

## COUNT I – RACE DISCRIMINATION
## TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED

65. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

66. Plaintiff is a member of protected classes in that he is African American.

67. Plaintiff was qualified to perform the job for which he was hired.

68. Plaintiff suffered adverse job actions, including, but not limited to termination.

69. Similarly situated people outside of Plaintiff's protected class were treated more favorably than Plaintiff.

70. Circumstances exist related to the above cited adverse employment actions that give rise to an inference of discrimination.

71. Defendants discriminated against Plaintiff on the basis of his protected class.

72. No legitimate, non-discriminatory reasons exist for the above cited adverse employment actions that Plaintiff suffered.

73. The reasons cited by Defendants for the above cited adverse employment actions that Plaintiff suffered are pretext for discrimination.

74. Defendants' conduct was willful or performed with reckless disregard to his federal statutory rights.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

### COUNT II – DISCRIMINATION BASED ON RACE
### PENNSYLVANIA HUMAN RELATIONS ACT

75. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

76. The foregoing conduct by Defendants constitutes unlawful discrimination against Plaintiff on the basis of his protected class (African American).

77. As a result of Defendants' unlawful discrimination, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

### COUNT III – DISCRIMINATION BASED ON RACE
### PHILADELAPHIA FAIR PRACTICES ORDINANCE

78. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

79. The foregoing conduct by Defendants constitutes unlawful discrimination against Plaintiff on the basis of his protected class (African American).

80. As a result of Defendants' unlawful discrimination, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

### COUNT IV – SEX DISCRIMINATION
### TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED

81. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

82. Plaintiff is a member of protected classes in that he is male.

83. Plaintiff was qualified to perform the job for which he was hired.

84. Plaintiff suffered adverse job actions, including, but not limited to termination.

85. Similarly situated people outside of Plaintiff's protected class were treated more favorably than Plaintiff.

86. Circumstances exist related to the above cited adverse employment actions that give rise to an inference of discrimination.

87. Defendants discriminated against Plaintiff on the basis of his protected class.

88. No legitimate, non-discriminatory reasons exist for the above cited adverse employment actions that Plaintiff suffered.

89. The reasons cited by Defendants for the above cited adverse employment actions that Plaintiff suffered are pretext for discrimination.

90. Defendants' conduct was willful or performed with reckless disregard to his federal statutory rights.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

### COUNT V – DISCRIMINATION BASED ON SEX
### PENNSYLVANIA HUMAN RELATIONS ACT

91. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

92. The foregoing conduct by Defendants constitutes unlawful discrimination against Plaintiff on the basis of his protected class (male), in that Defendants treated Plaintiff less favorably than females.

93. As a result of Defendants' unlawful discrimination, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

### COUNT VI – DISCRIMINATION BASED ON SEX
### PHILADELPHIA FAIR PRACTICES ORDINANCE

94. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

95. The foregoing conduct by Defendants constitutes unlawful discrimination against Plaintiff on the basis of his protected class (male), in that Defendants treated Plaintiff less favorably than females.

96. As a result of Defendants' unlawful discrimination, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

### COUNT VII – DISABILITY DISCRIMINATION
### AMERICANS WITH DISABILITIES ACT OF 1990, AS AMENDED

97. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

98. Plaintiff is a "qualified individual with a disability" as that term is defined under the ADA because Plaintiff has, or had at all times relevant hereto, disabilities that

substantially limits or limited one or more major life activities or because Plaintiff had a record of such an impairment or because Plaintiff was regarded as and/or perceived by Defendants and their agents as being disabled.

99. Plaintiff was qualified to perform the job.

100. Plaintiff was subject to an adverse employment action, including, but not limited to termination.

101. Circumstances indicated that Plaintiff's disabilities were the reason for the adverse employment action.

102. Defendants did not have a legitimate non-discriminatory reason for Plaintiff's adverse employment actions.

103. Plaintiff's disabilities motivated Defendants' decision to take adverse actions against Plaintiff.

104. The purported reason for Defendants' decision is pretextual.

105. Others similarly situated but outside of Plaintiff's protected class were treated more favorably.

106. The adverse employment actions described herein also constitute a failure to accommodate by Defendants.

107. As a result of Defendants' unlawful disability discrimination, Plaintiff has suffered damages as set forth herein.

108. Defendants' conduct was willful or with reckless disregard to Plaintiff's federally protected statutory rights.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## COUNT VIII – DISABILITY DISCRIMINATION
## <u>PENNSYLVANIA HUMAN RELATIONS ACT</u>

109. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

110. Plaintiff is a "qualified individual with a disability" as that term is defined under the PHRA because Plaintiff has, or had at all times relevant hereto, a disabilities that substantially limits or limited one or more major life activities or because Plaintiff had a record of such an impairment or because Plaintiff was regarded as and/or perceived by Defendants and their agents as being disabled.

111. Plaintiff was qualified to perform the job.

112. Plaintiff was subject to an adverse employment action, including, but not limited to termination.

113. Circumstances indicated that Plaintiff's disabilities were the reason for the adverse employment action.

114. Defendants did not have a legitimate non-discriminatory reason for Plaintiff's adverse employment actions.

115. Plaintiff's disabilities motivated Defendants' decision to terminate Plaintiff.

116. The purported reason for Defendants' decision is pretextual.

117. Others similarly situated but outside of Plaintiff's protected class were treated more favorably.

118. The adverse employment actions described herein also constitute a failure to accommodate by Defendants.

119. As a result of Defendants' unlawful disability discrimination, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

### COUNT IX – DISABILITY DISCRIMINATION
### PHILADELPHIA FAIR PRACTICES ORDINANCE

120. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

121. Plaintiff is a "qualified individual with a disability" as that term is defined under the PFPO because Plaintiff has, or had at all times relevant hereto, a disabilities that substantially limits or limited one or more major life activities or because Plaintiff had a record of such an impairment or because Plaintiff was regarded as and/or perceived by Defendants and their agents as being disabled.

122. Plaintiff was qualified to perform the job.

123. Plaintiff was subject to an adverse employment action, including, but not limited to termination.

124. Circumstances indicated that Plaintiff's disabilities were the reason for the adverse employment action.

125. Defendants did not have a legitimate non-discriminatory reason for Plaintiff's adverse employment actions.

126. Plaintiff's disabilities motivated Defendants' decision to terminate Plaintiff.

127. The purported reason for Defendants' decision is pretextual.

128. Others similarly situated but outside of Plaintiff's protected class were treated more favorably.

129. The adverse employment actions described herein also constitute a failure to accommodate by Defendants.

130. As a result of Defendants' unlawful disability discrimination, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## COUNT X – RETALIATION
## AMERICANS WITH DISABILITIES ACT OF 1990, AS AMENDED

131. Plaintiff incorporates by reference each allegation contained in the preceding paragraphs as if the same were set forth more fully at length herein.

132. Plaintiff engaged in activity protected by the ADA.

133. Thereafter, Defendants took adverse employment actions against Plaintiff, including, but not limited to, termination.

134. There exists a causal connection between Plaintiff's participation in the protected activity and the adverse employment action.

135. Defendants' conduct/omission was willful or done with reckless disregard to Plaintiff's federally protected statutory rights.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

## COUNT XI – RETALIATION
## PENNSYLVANIA HUMAN RELATIONS ACT

136. Plaintiff incorporates by reference each allegation contained in the preceding paragraphs as if the same were set forth more fully at length herein.

137. Plaintiff engaged in activity protected by the PHRA.

138. Thereafter, Defendants took adverse employment actions against Plaintiff, including, but not limited to, termination.

139. There exists a causal connection between Plaintiff's participation in the protected activity and the adverse employment action.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

### COUNT XII – RETALIATION
### PHILADELPHIA FAIR PRACTICES ORDINANCE

140. Plaintiff incorporates by reference each allegation contained in the preceding paragraphs as if the same were set forth more fully at length herein.

141. Plaintiff engaged in activity protected by the PFPO.

142. Thereafter, Defendants took adverse employment actions against Plaintiff, including, but not limited to, termination.

143. There exists a causal connection between Plaintiff's participation in the protected activity and the adverse employment action.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Albert Ingram, requests that the Court grant him the following relief against Defendanst:

(a) Damages for past and future wage loss;

(b) Punitive and/or liquidated damages, if applicable;

(c) Emotional pain and suffering;

(d) Reasonable attorneys' fees;

(e) Recoverable costs;

(f) Pre and post judgment interest;

(g) An allowance to compensate for the negative tax consequences of a lump sum award in a single tax year;

(h) A permanent injunction enjoining Defendants, their directors, officers, employees, agents, successors, heirs and assigns, and all persons in active concert or participation with them, from engaging in, ratifying, or refusing to correct, employment practices which discriminate in violation of Title VII, the ADA, the PHRA and the PFPO.

(i) Order Defendants to institute and implement, and for its employees, to attend and/or otherwise participate in, training programs, policies, practices and programs which provide equal employment opportunities;

(j) Order Defendants to remove and expunge, or to cause to be removed and expunged, all negative, discriminatory, and/or defamatory memoranda and documentation from Plaintiff's record of employment, including, but not limited, the pre-textual reasons cited for its adverse actions, disciplines, and termination; and

(k) Awarding extraordinary, equitable and/or injunctive relief as permitted by law, equity and the federal statutory provisions sued hereunder, pursuant to Rules 64 and 65 of the Federal Rules of Civil Procedure.

## JURY TRIAL DEMAND

Demand is hereby made for a trial by jury as to all issues.

## CERTIFICATION

I hereby certify that to the best of my knowledge and belief the above matter in controversy is not the subject of any other action pending in any court or of a pending arbitration proceeding, nor at the present time is any other action or arbitration proceeding contemplated.

**RESPECTFULLY SUBMITTED,**
**KOLLER LAW, LLC**

Date: March 9, 2026    By:  */s/David M. Koller*
David M. Koller, Esquire
Jordan D. Santo, Esquire
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
215-545-8917
davidk@kollerlawfirm.com
jordans@kollerlawfirm.com
*Counsel for Plaintiff*